NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GARY N. MARKS, | : | Civ. No. 05-0770 (GEB) |
| Plaintiff, | : | |
| | : | Chapter 11 Proceeding |
| v. | : | Hon. Rosemary Gambardella |
| | : | Case No. 02-38258 (RG) |
| RAMKRISHNA TARE, et al., | : | |
| Defendants. | : | **MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of plaintiff Gary N. Marks, Chapter 11 Trustee for WebSci Technologies, Inc. ("Plaintiff") filed February 8, 2005, for an order, pursuant to 28 U.S.C. § 157(d), withdrawing the reference to the Bankruptcy Court for the purpose of commencing a criminal contempt proceeding of Ramkrishna S. Tare ("Defendant"); for the issuance, pursuant to Fed. R. Crim. P. 42(a)(1), of an Order to Show Cause why Defendant should not be held in criminal contempt of the Bankruptcy Court; and for an Order directing the United States Attorney for the District of New Jersey, or such other party as the Court may appoint pursuant to Fed. R. Crim. P. 42(a)(2), to prosecute Defendant for criminal contempt. This action was reassigned to the undersigned on November 15, 2006. The Court has read and considered all documents filed and submitted and has decided the motion based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's motion is denied without prejudice.

**I. BACKGROUND**

This motion comes before the Court in conjunction with the Chapter 11 bankruptcy proceeding, In the Matter of WebSci Technologies, Inc., Case No. 02-38258, before the Honorable Rosemary Gambardella. The Plaintiff filed a Motion to Withdraw the Reference and for Criminal Contempt [Docket No. 588] with the United States Bankruptcy Court, Case No. 02-38258. The motion for contempt was also filed with the United States District Court, District of New Jersey, on February 8, 2005 [Docket No. 1], Case No. 05-0770.

Plaintiff is the appointed Chapter 11 Trustee for WebSci Technologies, Inc. Pl.'s Br. at 6. Defendant is the principal of WebSci. Id. According to Plaintiff, during the course of the Chapter 11 proceedings, Plaintiff "has orchestrated a campaign of threats against the Trustee, the Trustee's counsel, the Bank and its directors and counsel and anyone else who has taken a position contrary to Tare." Id. Plaintiff claims that Defendant has also initiated these threats against Judge Gambardella. Pl.'s Br. at 7. Defendant previously filed a motion for an order recusing Judge Gambardella and a petition to the District Court for a Writ of Mandamus recusing Judge Gambardella, both of which were denied. Id.; Declaration of Gary N. Marks, Esq., ¶ 4, Exh. I (Order Denying Motion for Recusal filed September 1, 2004); Exh. J (Letter Order of the District Court, August 5, 2004). Plaintiff contends that Defendant has written many letters and e-mails to Judge Gambardella "in which Tare both derides the Judge as corrupt, dumb, and incompetent and accuses the Judge of committing numerous crimes and of engaging in racketeering activity." Id.; see also Declaration of Gary N. Marks, Esq., Exh.'s A - G.

Defendant claims that he has "never used foul language, yelled, screamed, used 'verbal insults,' abusive gestures or offensive language before the Bankruptcy Court." Def.'s Br. at 5.

2

Defendant also alleges that he has never been warned for any misconduct by Judge Gambardella, and has never been civilly or criminally sanctioned in connection with the matters before Judge Gambardella. Def.'s Br. at 6. Defendant claims that his writings to Judge Gambardella occurred after July 2004, which was after the Plan confirmation in the Chapter 11 bankruptcy proceedings in May 2004. Def.'s Br. at 11. The letters submitted in support of Plaintiff's motion were sent to Judge Gambardella from July 2004 through January 2005. Declaration of Gary N. Marks, Esq., Exh.'s A - G.

## II. DISCUSSION

### A. Standards for Withdrawing the Reference and Criminal Contempt

According to 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." On a motion of a party, the party must show cause before a district court will withdraw the reference. The Court may consider several factors to determine whether cause has been shown, including "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." Velocita Corp. v. Constr. Mgmt. & Inspection, Inc., 169 Fed. Appx. 712, 716 (3d Cir. 2006)(quoting In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990)).

Here, Plaintiff's motion involves a request to prosecute Defendant for criminal contempt. While a court has the authority to initiate a prosecution for criminal contempt, its exercise of that authority must be restrained by the principle that "only 'the least possible power adequate to the end proposed' should be used in contempt cases." Young v. United States, 481 U.S. 787, 801 (1987) (quoting United States v. Wilson, 421 U.S. 309, 319 (1975). Criminal contempt is governed by Fed.

3

R. Crim. P. 42(a), which states that: "[a]ny person who commits criminal contempt may be punished for that contempt after prosecution on notice." The notice requirement may be satisfied by "notice in open court, in an order to show cause, or in an arrest order." Fed. R. Crim. P. 42(a)(1). According to 18 U.S.C. § 401, a United States court has the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) disobedience or resistance to its lawful writ, process, order, rule, decree or command." The statute does not delineate the type and amount of punishment for criminal contempt proceedings, and thus it is within the Court's discretion. Plaintiff contends that because the criminal contempt charges could result in Defendant being sentenced to a term in prison greater than six months, Defendant is entitled to a jury trial conducted by the District Court.

Plaintiff claims that Defendant is entitled to a jury trial for the criminal contempt proceeding and that the Bankruptcy Court does not have the authority to conduct criminal trials, especially since the nature of these allegations involve the harassment of the presiding Judge in the bankruptcy case. However, because the reported misconduct took place in late 2004 through early 2005, the record does not reflect whether these activities have subsided or if there are more recent events constituting criminal contempt. While the conduct of the Defendant could warrant contempt proceedings, the Court does not have evidence before it demonstrating that the conduct has continued throughout the remainder of the bankruptcy proceedings. Further, this Court is unaware of whether this conduct has affected the expedient disposition of the bankruptcy case since this motion was filed. This voluntary bankruptcy proceeding is in its final stages, with the Plan already confirmed and a hearing scheduled in January 2007 to resolve the outstanding motions before Judge Gambardella.

Accordingly, the motion to withdraw the reference is denied without prejudice. Plaintiff may refile this motion, and provide this Court with an updated record to support the contempt allegations. In addition, Defendant filed a Motion to Dismiss the complaint on March 17, 2006. Rule 12(b) provides that certain defenses to pleadings may be asserted by motion. In this case, however, a complaint has not been filed by Plaintiff, as the initiating document was a motion to withdraw the reference. Defendant's motion to dismiss is denied as moot.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to withdraw the reference [1] is denied without prejudice. Further, Defendant's Motion to Dismiss [8] is denied as moot. An appropriate form of order accompanies this Memorandum Opinion.

Dated: December __29__, 2006

                                       s/Garrett E. Brown, Jr.
                                       GARRETT E. BROWN, JR., U.S.D.J.