NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GARY N. MARKS, | Civ. No. 05-0770 (GEB) |
| Plaintiff, |  |
|  | Chapter 11 Proceeding |
| v. | Hon. Rosemary Gambardella |
|  | Case No. 02-38258 (RG) |
| RAMKRISHNA TARE, et al., |  |
| Defendants. | **MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of plaintiff Gary N. Marks, Chapter 11 Trustee for WebSci Technologies, Inc. ("Plaintiff") for an order, pursuant to 28 U.S.C. § 157(d), withdrawing the reference to the Bankruptcy Court for the purpose of commencing a criminal contempt proceeding of Ramkrishna S. Tare ("Defendant"); for the issuance, pursuant to Fed. R. Crim. P. 42(a)(1), of an Order to Show Cause why Defendant should not be held in criminal contempt of the Bankruptcy Court; and for an Order directing the United States Attorney for the District of New Jersey, or such other party as the Court may appoint pursuant to Fed. R. Crim. P. 42(a)(2), to prosecute Defendant for criminal contempt. The Court has read and considered all documents filed and submitted and has decided the motion based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Plaintiff's motion.

**I. BACKGROUND**

WebSci Technologies filed for Chapter 11 Bankruptcy on July 26, 2002 before the

Honorable Rosemary Gambardella. *In the Matter of WebSci Technologies, Inc.*, Case No. 02-38258, docket #1. On February 28, 2005, Plaintiff filed an identical motion to the one currently before this Court. In an opinion of December 29, 2006, this Court denied Plaintiff's previous motion to withdraw the reference "because the reported misconduct took place in late 2004 through early 2005" and the record did not indicate whether Defendant's alleged misconduct had since subsided. *Marks v. Tare*, No. 05-770, 2006 U.S. Dist. LEXIS 93971, at 2. This Court was also uncertain of the degree to which the alleged misconduct had affected the swift disposition of the bankruptcy proceedings. *Id.* The Court however noted that Defendant's conduct "could warrant contempt proceedings," and permitted Plaintiff to refile his motion "with an updated record to support contempt allegations." *Id.* Plaintiff did so on February 26, 2008, providing the Court with an extensive updated record of extremely troubling letters and emails written by Defendant. (Docket No. 16-4, Honig Decl.) Plaintiff also filed the same motion before Judge Gambardella in the Bankruptcy Court. (Case No. 02-38258, Docket No. 699.)

  Plaintiff is the appointed Chapter 11 Trustee for WebSci Technologies, Inc. Pl.'s Br. at 1. Defendant is the principal of WebSci. Id. Plaintiff asserts that during the course of the Chapter 11 proceedings, Defendant "has orchestrated a campaign of threats against the Trustee, the Trustee's counsel, the Bank and its directors and counsel and anyone else who has taken a position contrary to Tare." Id. Plaintiff also alleges that Defendant has threatened Judge Gambardella. Pl.'s Br. at 7. Defendant previously filed a motion for an order recusing Judge Gambardella and a petition to the District Court for a Writ of Mandamus recusing Judge Gambardella, both of which were denied. Id.; *Marks v. Tare*, No. 05-770, 2006 U.S. Dist. LEXIS 93971, at 1. Plaintiff contends that Defendant has written many letters and e-mails to

Judge Gambardella "in which Tare both derides the Judge as corrupt, dumb, and incompetent and accuses the Judge of committing numerous crimes and of engaging in racketeering activity." Id.

Plaintiff provides the Court with an updated account of no less than eighteen inappropriate written communications to Judge Gambardella, this Court, other public officials, as well as the Plaintiff, spanning from December 18, 2006 to February 7, 2008.[1] (Docket No. 16-4, Honig Decl., Exhibits A-R) In these emails and letters, Defendant repeatedly and without basis, accuses Judge Gambardella of engaging in crimes such as fraud, embezzlement, the cover-up of other crimes, aiding and abetting, fixing a sale of an estate, conspiring to steal proceeds from the sale of estate assets, conspiring to obstruct justice, currying favor to certain attorneys because of their political connections and to secure her reappointment, corruption, accepting kickbacks, deliberately making false statements in her opinions, forging a consent order, obstructing appeals, tampering with the docket, and rubber-stamping proposed orders. (*Id.*)

Far worse are the ad hominem attacks. Defendant refers to Judge Gambardella as a "puppet," alleges that she is "conducting a circus," asserts she is running a "kangaroo court," questions her sanity, demands that she be indicted, refers to her as "Liar Gambardella" and "Puppet Gambardella," and states that the Trustee is Judge Gambardella's "master." (*Id.*) On February 5, 2008, Defendant threatened Judge Gambardella to fix the docket, or he would consider "all of [her] orders, including restraints, to be null and void." (*Id.* at exhibit Q.) These shocking attacks against Judge Gambardella, sadly, are some of Defendant's least offensive comments directed toward Her Honor. On January 17, 2008, Defendant sent an email to Judge

---

[1] Plaintiff's prior motion to withdraw the reference also contained numerous offensive and threatening letters, spanning from July 9, 2004 to January 24, 2005. (*See* Docket No. 1, Declaration of Gary N. Marks, Esq., Exh.'s A - H.)

Gambardella, replete with threats and profanity-laced, ad hominem attacks too offensive to be repeated here.  (*Id.* at exhibit N.)

In Defendant's response, he describes Plaintiff's motion as "frivolous," and seems to assert that Plaintiff, as a trustee, lacks standing to file this motion.  (Pl. Br. at 1.)  Defendant then asserts that he "has not read through the latest voluminous filing," referring to Plaintiff's motion papers,[2] but insinuates that "some of the alleged emails were not sent by [him] in the form they appear."  (Id.)  Plaintiff then suggests that his computer may have been "compromised" or he may have been subject to "email_id spoofing."  However Plaintiff does not specify which of the "alleged emails" included in Plaintiffs' motion papers were "compromised."

## II.  DISCUSSION

### A.  Standards for Withdrawing the Reference and Criminal Contempt

According to 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  The Court may consider several factors to determine whether cause has been shown, including "'the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.'"  *Velocita Corp. v. Constr. Mgmt. & Inspection, Inc.*, 169 Fed. Appx. 712, 716 (3d Cir. 2006)(*quoting In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990)).

Here, Plaintiff's motion involves a request to prosecute Defendant for criminal contempt.

---

[2] The Court notes that to the extent Plaintiff's filing was "voluminous," it is attributable to Defendant's many letters, which comprise Plaintiff's filing.

"While a court has the authority to initiate a prosecution for criminal contempt, its exercise of that authority must be restrained by the principle that 'only the least possible power adequate to the end proposed' should be used in contempt cases.'" *Young v. United States*, 481 U.S. 787, 801 (1987) (*quoting United States v. Wilson*, 421 U.S. 309, 319 (1975)(citation omitted). Criminal contempt is governed by Fed. R. Crim. P. 42(a), which states that "[a]ny person who commits criminal contempt may be punished for that contempt after prosecution on notice." The court may satisfy the notice requirement by providing "notice in open court, in an order to show cause, or in an arrest order." Fed. R. Crim. P. 42(a)(1). According to 18 U.S.C. § 401, a United States court has the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) disobedience or resistance to its lawful writ, process, order, rule, decree or command." The statute does not delineate the type and amount of punishment for criminal contempt proceedings, and thus it is within the Court's discretion. Plaintiff contends that because the criminal contempt charges could result in Defendant being sentenced to a term in prison greater than six months, Defendant is entitled to a jury trial conducted by the District Court.

      Plaintiff claims that Defendant is entitled to a jury trial for the criminal contempt proceeding and that the Bankruptcy Court does not have the authority to conduct criminal trials, especially since the nature of these allegations involve the harassment of the presiding Judge in the bankruptcy case. This Court stated in its opinion of December 29, 2006 that Plaintiff's actions could have warranted contempt proceedings. However, because the Court was unaware of whether the Defendant's actions had persisted, and whether his actions had affected the swift disposition of the Bankruptcy case, this Court denied Plaintiff's motion, allowing Plaintiff to

refile if Defendant's actions continued.

Defendant's letters and emails, in which he attacks Judge Gambardella, both personally and professionally, while making outrageous and unfounded claims that Judge Gambardella has committed numerous crimes, is totally unacceptable.  It is particularly troubling and perplexing, that after this Court's December 29, 2006 opinion, where Defendant was told by the Court that his actions could warrant contempt proceedings, Defendant proceeded to increase his level of hostility toward Judge Gambardella, continually writing the Court and using language unfit to print in this opinion.  The Bankruptcy Proceedings have been ongoing now for nearly six years.  The Court can only conclude that Defendant's egregious behavior has played a significant role in the proceedings not having been concluded yet.  As such, this Court will grant Plaintiff's motion to withdraw the reference, and an order to show cause shall be filed.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to withdraw the reference will be granted. An appropriate form of order accompanies this Memorandum Opinion.


Dated: August 1, 2008

                                            s/Garrett E. Brown, Jr.            
                                           GARRETT E. BROWN, JR., U.S.D.J.